Ladies and gentlemen, good to see you. First case this morning is University of Chicago v. NLRB. May it please the Court, my name is Jake Rubenstein and I represent the University of Chicago. We call upon this Court to reach the following conclusion, that the Board, acting through its Regional Director, committed reversible error by refusing to conduct an evidentiary hearing to allow the University to present evidence that students who hold part-time jobs at the University Library are temporary or casual employees who, under Board law, do not manifest a sufficient interest in their terms and conditions of employment to warrant eligibility for collective bargaining. We ask the Court to vacate the Board's bargaining order, to deny the Board's cross-application for enforcement, and to remand the case back to the Board with instructions to conduct the hearing to which the University is entitled. Why wouldn't the result, given the evidence and the Columbia University precedent, why wouldn't the result of such a remand be foreordained? Just as a trial would be if summary judgment had been granted and there were no new evidence. Judge Hamilton, there is no sense in which the outcome of this case is determined by the Board's decision in the 2016 Columbia University case. The Columbia University case held on a detailed factual record following a multi-day hearing that, using the fact-intensive case-by-case analysis that the Board and Courts used to determine whether employees are temporary or casual, and if they are, whether they manifest a sufficient interest in their terms and conditions of employment, Columbia, on that record, concluded that the graduate assistants at that University, although they were temporary and casual employees, manifested a sufficient interest in their employment to be entitled to collectively bargain. In this case, there was no such hearing. There was no evidentiary hearing. There were no witnesses called. There was no examination. There was no cross-examination. I take it you submitted everything you wanted to as part of your offer of proof, correct? Our offer of proof, Your Honor, yes, was detailed, and it was certainly sufficient to warrant a hearing in this case. However, the offer of proof is a summary. It is a preview of evidence that we would have presented. It is not a verbatim, word-for-word account of what every witness would testify to. And as the Board's own rules require, Rule 102.66 says that any party shall have the right to appear at any hearing to call, examine, and verify evidence of the significant facts that support the party's contention. But counsel, isn't your primary aim to challenge Columbia University? No, Your Honor, our primary aim is not... That was all over your record before the Board. Your Honor, when this case was pending before the Board, Columbia University and the correctness of its decision was in play. However, the Board ruled on that, and the Board declined to use this case, the University of Chicago case, as an opportunity to reconsider Columbia University. The issue presented to this Court is a much narrower issue. The issue presented to this Court is not whether the Board correctly decided Columbia University. Rather, the issue presented to this Court is whether the Board, acting through its Regional Director, violated the Act, the Board's rules, and the guidance from the Board's own General Counsel, in refusing to conduct an evidentiary hearing. Your Honors, the evidentiary hearing that we requested in this case, and which the Board denied us, is a fundamental, rudimentary, basic... What's that evidence going to show? The evidence would show that the students at issue are temporary or casual employees who do not manifest a sufficient interest in the terms and conditions of employment to warrant collective bargaining. In short, Judge Kaney, the evidence would show that these students are on similar footing to the employees at issue in the Board's 1998 Macy's East case, where the Board, on a factual record, determined that costume makers working for Macy's in New York were temporary employees who did not manifest an interest in their terms and conditions sufficient to warrant collective bargaining. In fact, Your Honor, if you look at the... So, what's the case you're just citing? Macy's East. It's a 1998 Board case. Is that in your brief? It is, Your Honor. I'm looking at your... It is absolutely... Table of Authorities. Pardon me? I'm looking at your Table of Authorities. It is absolutely cited in the reply brief. I thought your primary brief was relying primarily on cases like San Francisco Art Institute. Your Honor... And Brown. Your Honor, we are not relying primarily on San Francisco Art Institute, and we're certainly not relying primarily on the Brown case, which has been overruled by Columbia. And as I said, the Columbia decision is absolutely not at issue in this case. San Francisco Art Institute is a case which Columbia purported to overrule. Footnote 130 in the Columbia decision says that, to the extent cases like San Francisco Art Institute hold that solely by virtue of student status, employees are ineligible for collective bargaining, it is overruled. However, our argument in this case, our argument before the Board, was not that the students in this case should be excluded from collective bargaining solely because they are students. Not at all. In fact, the argument that we sought to make before the Board is that the temporary, casual, come and go as you please nature of employment is such that they do not manifest sufficient interest in their terms and conditions of employment. In the separate appendix, page 55, paragraphs 7 and 8 of the offer of proof, explain how these student employees are temporary and casual and have only a tenuous relationship to the working conditions. For example, it says, student schedules are designed to accommodate their academic commitments. At the beginning of each quarter, library supervisors ask students to tell them how many hours they want to work and when they are available to work. The library is flexible with student schedules, defers in all cases to academic commitments. Is that any different from Columbia University? Pardon me, Your Honor? Is that any different from Columbia University? It is different from Columbia University, Your Honor. In Columbia University, the individuals at issue were grad teaching and research assistants. They maintained their positions as grad teaching and research assistants over a period of years while conducting their studies. The students in this case are casual, part-time library employees who never work more than 20 hours a week, and that's in the record at pages, separate appendix 51 to 59, and some work as few as eight hours a week. They essentially make their own schedules. They tell their supervisors when they want to work and when they don't want to work, and they tell their supervisors how often they want to work. In addition to this, Your Honor, as the offer of proof makes clear, the students at issue in this case, their time in their positions is inherently limited by student status, and they are hired on a quarter-to-quarter basis and may or may not have any expectation of working in the next quarter simply because they worked in the present quarter. This puts them on similar footing to the costume makers in the Macy's case, and for that reason, Your Honor, at a minimum, we should have been allowed an evidentiary hearing. Let me go back to the summary judgment parallel. You're saying you've got a constitutional right to due process that was denied by the Board's decision here. Do you think that's true of an employee who has summary judgment granted against her in the district court on a discrimination claim? I do not, Your Honor. What's the difference? The primary difference is that we are operating here in the context of the National Labor Relations Act, which says that parties are entitled to an appropriate hearing. That's in Section 9C1. We've got the Board rules that say parties shall have the right to appear at hearings, to examine and cross-examine. And there is the last sentence to Subsection C, right? There is, absolutely, Your Honor. Which was what was relied upon by the Board here. Yes, the Board purported to rely on that sentence. Purported? Yes, Your Honor. Seriously? Your Honor, the Board in this case... Your rhetoric, counsel, in your reply brief is way over the top. And trying to say that the Board purported to rely on that, frankly, is not helpful in the discussion. Your Honor, I'm not saying anything other than, in this case, the University of Chicago was entitled to the same level of due process, the same modicum of due process that every other employer in every other case cited by the Board, cited by the Union, and cited by the University in our briefs received. So the Board has made a pretty broad decision, maybe right, maybe wrong, about part-time university employees who are students. It's pretty much up to the Board to decide how broad that's going to be. But your argument about an entitlement to a hearing sort of reminds me of, say, a defendant in an antitrust case who wants a trial to be able to prove that horizontal price fixing is pro-competitive. Or a local government that wants to be able to prove that racially segregated schools are, in fact, equal. If the legal rule has been established, as the Board seems to think it has, don't you have to challenge that rule rather than the process? No, your Honor, we do not have to challenge the rule. The rule itself is appropriate, and we are not challenging the rule at all in this appeal. What we are challenging in this appeal is simply the refusal by the Board to allow us to present evidence at an evidentiary hearing. And if you look at the cases cited and relied upon by the Board and the Union, the Kansas City Repertory Theater case, a Board case from 2010, which both opposing parties cited and relied on heavily in their briefs, that, along with every other case cited, by all the parties in this case was a case where there was a full evidentiary hearing with witnesses testifying, cross-examination, and documents of introduction. And a party always has to get that from the Board even if it's totally futile because it's clear on the facts that it's squarely governed by precedent. And otherwise, it's a constitutional violation. No, your Honor, I would not go that far. Statutory violation, then, you'll go that far. Pardon me, your Honor? Otherwise, then it violates the Act. I would not even go that far, your Honor. Your Honor, there are circumstances in which the Board would be justified in saying that a party did not present enough evidence to entitle it to an evidentiary hearing. However, in this case, the issue on which we sought a hearing was temporary or casual status, and the offer of proof is manifestly adequate to entitle us to a hearing on that because it contains facts which would demonstrate that these employees are temporary and casual and that they do not manifest a sufficient interest in their terms and conditions of employment to warrant collective bargaining. It's correct that your position is that no members of the bargaining unit should qualify for rights under the Act. Our position, your Honor, is that that decision can only be made after a full evidentiary hearing. That's the position you want to prove at such a hearing, correct? Yes, your Honor, we want to be able to prove that every member is disqualified. Yes, your Honor. I'd like to reserve the remaining time for rebuttal. Thank you. Good morning, Eric Weitz on behalf of the NLRB. The narrow issue in this case, as the Board explains in its brief, is whether the Board and its Regional Director abuse this discretion by rejecting the University's offer of proof at a pre-election hearing. To decide that question, the Court really only needs to look at two things. First of all, the offer of proof that was actually presented to the Regional Director. In particular, I direct the Court to appendix pages 52 and 57. At page 52, the University clearly argued that the premise of its offer of proof was that it thought the Board had wrongly overruled Brown University and wrongly overruled San Francisco Art Institute and it wanted the Board to overrule Columbia University. The University is no longer making that argument to the Court. Appendix page 57 is the only two paragraphs that the University identified to the Regional Director that allegedly would have shown the University's conception of temporary status. The proffered facts that the University just mentioned in its opening argument, such as the scheduling flexibility of the employees, was never presented to the Board as a basis for temporary or casual status nor has the University cited any Board decision in history where the Board has considered those factors in making this determination. The second thing that the Court needs to look at... That was a part of their offer of proof, was it? It was, correct, Your Honor, but it was with regard to the primary argument in the offer of proof which is that these part-time library workers are not statutory employees which is an argument that the University is no longer making. Does this Macy's case that Council's referencing go to this temporary status argument that they're trying to develop now? It does not, Your Honor. First, I'd note that the reply brief was the first time the University has ever cited that. It was never cited before the Board. But what that case involved, as the Board made very clear if the Court looks at that case, is temporary seasonal employees which the Board distinguished as a unique situation. The facts of that case were Macy's hired seasonal employees around the holiday season for a few weeks or a couple of months at a time then they were let go and new employees would be hired for the following season. The key fact in that case, which the Board emphasized is that there was no evidence that any of the employees in the prospective unit had any expectation of being recalled for the following season and when the election was held there was only a week or two left in that holiday season. So what the Board found is that it would not effectuate bargaining to establish a bargaining unit of employees who would no longer be working for the employer in one or two weeks. However, that's very different from the facts of this case where the University's own offer of proof alleges an average tenure of nine months including a substantial percentage of the unit which continues in this library employment for multiple years including one prospective voter who'd been in the employment for eight years and those facts are very similar to Columbia University contrary to the University's arguments a moment ago Columbia University involved both graduate students and some undergraduates who had an average tenure of two semesters which is very similar to the facts here. The Board's decision in Columbia University, I'd direct the Court in particular to Westlaw pages 14 and 24 through 25 was not a fact-specific finding. It was a legal conclusion rejecting this precise argument. In Columbia University, the University not only contested the employee status of the undergraduate and graduate student workers there, but they made an alternative argument which is identical to the one here that students are inherently on a finite employment timeline because their student status will end at some point so their student employment will end at some point. The University argued to the Board in the alternative that that meant student employees are always ineligible temporary employees and the Board explained in detail with reasoning that the University has failed to engage with in any of its briefing or argument why that is simply  for the following reason temporary employee status is a term of art that the Board uses in making a community of interest determination to find that certain employees with a finite tenure lack a community of interest with other employees in a proposed unit who are permanent or long-term employees in that situation you have a divergence of interest which does not make a single unit justified because the finite or short-term employees will be leaving soon. So for example a quintessential example the short-term employee would not have the same interest in bargaining over a pension or something for a long-term employee. However as the Board has made very clear in both Columbia University and prior decisions such as the Kansas City Repertory Theater decision if the Court looks at that case when you have an entire unit of similarly situated employees as you do here those individuals do not constitute temporary employees under Board law there is simply no precedent under Board law that exists for the University's conception of temporary employee status nor have they cited any. In their opening brief the two cases they relied on were San Francisco Art Institute and Saga Food Service which if the Court looks at those cases relied on the primary status reasoning that the Board has rejected and overruled in Columbia University including by overruling by name San Francisco Art Institute something that the University previously acknowledged in its offer of proof as characterizing that as a quote unquote wrongly overruled decision. Counselor can I interrupt and just ask a question quickly this goes to Judge Hamilton's questions earlier. I assume that it's routine for the Board effectively to treat this as summary judgment that if the offer of proof simply doesn't have the facts to carry the day that there's no point of hearing and so the Board will rule with that one is that correct? That's correct Your Honor and thank you for taking me in that direction because I wanted to respond to something else that the University has argued in its brief and before the Court which is what the process is under the Board's rules. The University makes very clear in its brief that it is not challenging the propriety of the Board's rules however it selectively quotes what those rules require. If the Court looks at 29 CFR 102.66 A that provision explains that parties have a right to present evidence but the part of the rule that the University does not quote is that that evidence has to be quote relevant to the existence of a question of representation including the appropriateness of the unit also 102.66 C as Judge Hamilton I believe you pointed out the final sentence of that provision in the Board's rules makes very clear that there is a process where the Regional Director can solicit an offer of proof a party has every opportunity to proffer any facts it wants in the offer of proof as the University had the opportunity here and if the Regional Director determines that the evidence described is insufficient to sustain the proponent's position the evidence shall not be received so it's not even discretionary if the Regional Director had wanted to enter this evidence at the point where the Regional Director as affirmed by the Board found that the narrow facts proffered in the offer of proof are simply insufficient under governing Board law and again returning to the actual contents of the offer of proof at appendix page 57 the two paragraphs and two main the two thrusts of what the University was proffering is first that the student employment will eventually end because the students will eventually graduate or leave the University and second that the average tenure of the student workers in this unit at the time of the hearing was 9 months but clearly under Columbia University alone that is insufficient to make a unit inappropriate when all of the employees are similarly situated as they are here furthermore if the court looks beyond Columbia University and outside of the student context the Board has overseen collective bargaining for decades and myriad industries that involve much shorter term and much more transient employment for example the construction industry the entertainment industry where you often have employees who are hired for a single job which can even last a few hours at a time that's the inherent nature of the industry sort of like the inherent nature of student employment is that it is finite but 9 months a 9 month tenure is simply not ad hoc or transient enough to make bargaining unworkable I gather that an offer of proof can preclude any submission of evidence is what you're telling me well correct your honor the proponent has the opportunity to allege anything he wants under offer of proof establishing a material issue that would require evidence at the pre-election hearing and the regional director then reviews the offer of proof and if the alleged facts are insufficient it's rejected and the purpose of that your honor to explain the Board's rule is that there is an interest in ensuring that employers do not use these procedural mechanisms to delay a representation election for as long as possible that certainly makes things shorter if you don't take any evidence well your honor you do take evidence I'd also point out that in this case there's actually two evidentiary hearings including one on remain from the Board involving certain post-election objections that are no longer at issue the situation where you're not allowed to present evidence is when that evidence is insufficient to affect the Board's analysis but I'd also point out that under an abusive discretion standard there's clearly no prejudice here where the Board reviewed every fact alleged in the offer of proof credited it for the sake of argument and concluded that it was insufficient and if there's no further questions I believe the intervener can I ask you a quick question and I hope the University will address this as well in the reply brief the University notes that the Board is considering rulemaking on this subject I infer from what I've read that the University is hoping that if they wait long enough the Board will reverse and overrule Columbia University where do things stand in that process at this point currently your honor the Board has as a disclosure requirement issued a declaration that it is considering rulemaking in this general area but to note a few things very quickly about that first of all it's not clear that any rulemaking that does occur would actually affect the students in this case the Board's disclosure of its considered rulemaking primarily involves students who are working in connection with their actual studies at the University which is typically the case with graduate student assistants for example whereas these workers this is simply a part time job it's not related to their studies so even when the rulemaking process concludes it's unclear that any change if the Board makes a change to law in this area would affect the workers here secondly I would like to emphasize to the Court that the Board's rulemaking is generally prospective and the issue here that's before the Court is the question of whether the Board properly found that the University violated the act and committed an unfair labor practice in March 2018 when it unlawfully refused to bargain with the Union so it would not affect the merits of the Board's unfair labor practice finding and if this lengthy process because it's usually lengthy when it finally concludes and even assuming again for the sake of argument that the Board would make a change to the law that might affect the students in this situation that could be resolved when it happens down the line but it's not a justification that would affect the Court's disposition of this case Thank you Hi I'm Jim Kappas representing Teamster Local 743 What I'd like to do is read what the University said to the Board about why it needed an evidentiary hearing This is from pages 162 and 163 of the appendix which we cited a couple times in our brief and this is the University's words. The issue of the employee status of students is currently before the Board in a number of cases involving graduate research and teaching assistance. In one or more of these cases the Board may overrule Columbia University. Importantly for this case in footnote 130 of the Columbia University decision the Board without explanation or analysis overruled San Francisco Art Institute and other similar cases which held that students who hold part-time non-academic jobs at universities they attend are temporary or casual employees not entitled to bargain collectively under the Act and then as to the hearing what the University said is that if an overruling Columbia the Board restores San Francisco Art Institute line of cases the Regional Director and the Board will need an evidentiary record on which to assess whether the students at issue in the present case are temporary or casual employees So the whole premise of their request to present this is that it would be irrelevant if an overruling Columbia the Board resurrected San Francisco Art Institute. Of course the Board hasn't overruled Columbia and the Regional Director and the Hearing Officer were bound by the Columbia decision overruling San Francisco Art Institute and thus there was no basis under the rule in which they could accept the evidence going to the temporary nature of the student's appointment. There's no other case that they cite other than San Francisco Art Institute that suggests that temporary student employees are not entitled to bargain and the Macy's case as the Board lawyer has explained has nothing to do with this situation which is why the University never cited it to begin with. As to the facts that they wanted to show if you look at Part 3 of their offer of proof where they talk about not the employee nature of the student employees but their temporary or casual nature, all the University said it wanted to show was that their jobs would end when they're no longer students. That much was shown in the unit description which describes the unit as composed of student employees. They're not going to be student employees when they're no longer students. So there's no factual dispute at all as to that and there's no legal basis for saying that the student employees can't have a collective bargaining representative. If there are no questions, thank you. Thank you counsel. May it please the Court. Your Honors, the Board and the Union are fighting so very hard in this case to present, to prevent so little. We are not asking this court to rule that the students in question are entitled to collective bargaining. We are not asking this court to rule that temporary or casual employees are always entitled to collective bargaining. We are not asking this court to pass judgment on the validity of the Columbia decision. All we are asking this court to do is to give the University of Chicago the same modicum of due process that the Stokely Brothers case cited by the Board in 1939 received all the way up to 2016 in the Lancaster Symphony case from the D.C. Circuit. From 1939 to 2016 continuing to the present day when there is a question of representation, in other words when there is  of individuals are employees at all or as in this case are temporary or casual employees who do not manifest a great interest in their terms and conditions of employment. In all of those cases, the Board has held an evidentiary hearing. In this case, the hearing would have lasted probably for a matter of hours and that hearing would have created a factual record that would have enabled the Board to make a reasoned, analytical fact-based decision just as it has in all of these other cases. Your Honor... What about the category of temporary or casual employees being used in essence to define boundaries of bargaining units as opposed to excluding people entirely from protection of the Act? Your Honor, the classification of temporary or casual employees has been used at times to define the boundaries of bargaining unit to determine a question of enfranchisement. However, that category of temporary or casual employees, when that's all there is in the bargaining unit, as we saw in the Macy's case, and as was the case in the Saga Food Service case from the Board, which involves student employees. In that case, the union was petitioning to represent a mixed group of students and non-students, but the Board said in footnote 9 that the union's fallback position to represent only students that those were temporary employees that should not be enfranchised at all. Was the Saga Food addressed in Columbia University? It is not expressly addressed as San Francisco Art Institute is, so Columbia University does not mention Saga Foods by name. Counsel, is there a rule which the Board uses to preclude your submission of evidence? Is that what they relied on? Your Honor, yes, Judge Kaney. The Board did rely on that. The Regional Director did not cite that rule. The Regional Director said that without explanation, by the way, which is a potential separate due process issue, the lack of analysis and the lack of explanation for the decision, yes, Your Honor, the Board said that the Regional Director said, page 2 of the separate appendix, that he was denying the hearing because the evidence was insufficient. However, that decision was not only inconsistent with the Board rule that he was citing, it was inconsistent with guidance issued by the Board's General Counsel who supervises Regional Directors that 2015 guidance says that bargaining unit appropriateness must be litigated at the pre-election hearing and that the rules, quote, do not limit any party's right to present evidence in support of their contention so long as it is relevant to determining whether a question concerning representation exists. Thank you, Your Honors. Thanks to both counsel. The case is taken under advisement.